UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

FLORETTE FRANCIS, individually. and on
behalf of all those similarly situated,

    Plaintiff,

v.

24 HOUR FITNESS USA, INC.,

    Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, FLORETTE FRANCIS, individually and on behalf of all those similarly situated, (hereinafter "Plaintiff"), sues Defendant, 24 HOUR FITNESS USA, INC. ("Defendant"), and alleges:

### NATURE OF THE CLAIM

1. This is a class action complaint brought by Plaintiff, Florette Francis, on behalf of herself and all similarly situated individuals, for injunctive relief and disgorgement pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et. seq.,* and its implementing regulations (28 C.F.R. Part 36), in order to redress discrimination on the basis of physical disability, which has been and continues to be perpetrated by Defendant on a nationwide class of individuals as set forth more fully below.

### JURISDICTION AND VENUE

2. This Court is vested with original jurisdiction over the federal question presented herein, pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391 and Rule 3.1 of the local rules of United States District Court for the Southern District of Florida, in that the original transaction or occurrence giving rise to this cause of action occurred in Broward County, Florida.

**PARTIES**

4. At all times material hereto, Plaintiff, FLORETTE FRANCIS, was and is over the age of eighteen years, *sui juris,* and a resident of Broward County, Florida.

5. At all times material hereto, Plaintiff has suffered from a qualified disability under the ADA; specifically, due to multiple physical disabilities, including partial paralysis, Plaintiff requires the accompaniment of a personal care attendant in order to change clothing, shoes, and to undertake other such tasks of daily living.

6. At all times material hereto, upon information and belief, Defendant, 24 HOUR FITNESS USA, INC., was and is a California corporation authorized to do and doing business in Broward County, Florida, and throughout the United States.

7. Upon information and belief, Defendant owns and/or operates that certain gym known as "24 HOUR FITNESS" located in Sunrise, Florida.

**FACTS**

8. Plaintiff has been a member of the 24 HOUR FITNESS gym for years, and for years has made use of the Miramar, Florida location, with the assistance of her personal care attendant ("PCA"), without any issue.

9. Prior to the date on which this lawsuit was filed, Plaintiff changed her residence such that the Sunrise, Florida location of 24 HOUR FITNESS became more convenient than the Miramar, Florida location.

10. Plaintiff desires to attend the aqua classes at the Sunrise, Florida location. Plaintiff previously explained to Defendant's personnel at the front desk that her PCA is required in order to assist her in getting dressed prior to and after the aqua class in the locker room.

11. Plaintiff is partially paralyzed in her left side and cannot get into and out of a swimsuit without the assistance of her PCA. Plaintiff explained in detail that her PCA would be coming into the locker room to assist with dressing, and would in no way be availing herself of the services offered at the gym.

12. On or about Wednesday, July 30, 2014, the Defendant's front desk at the Sunrise, Florida location would not let Plaintiff's PCA onto the premises to assist Plaintiff in changing clothes.

13. Plaintiff immediately brought this issue to the attention of the manager, Maurice, and explained that her PCA would have to be allowed into and out of the locker room to assist with changing in and out of Plaintiff's bathing suit.

14. The manager of the location (Maurice) instructed Plaintiff that either the PCA would have to buy a gym membership, or Plaintiff would be required to pay a personal trainer to assist when inside the gym. Plaintiff replied that a personal trainer does not assist with dressing and undressing disabled individuals in the locker room.

15. Plaintiff insisted that it was discriminatory to disallow the PCA from entering the premises to assist Plaintiff with changing clothes, which Plaintiff cannot undertake on her own due to disability. Defendant's manager then stated "have a nice day" and walked away without any further communication.

16. Plaintiff immediately took this issue up with Defendant's corporate headquarters, inquiring whether it was their corporate policy to require that a disabled person purchase a membership for a PCA to assist with functions of daily living in the locker room area. As of the date of

this filing, approximately three weeks has passed since Plaintiff's inquiry without any response whatsoever from the Defendant.

17. Accordingly, so as to continue to make use of the Sunrise, Florida, 24 HOUR FITNESS location, and so as to be assured that her PCA will be granted entry to change Plaintiff's clothing within the locker room (without being stopped, impeded, or harassed), Plaintiff has been left with no choice but to file this lawsuit seeking an injunction, and mandating that the gym comply with its legal obligations as it relates to policies and procedures applicable to disabled gym members such as Plaintiff.

## CLASS ALLEGATIONS

18. Plaintiff brings this action on her own behalf and as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class of individuals:

> All members of any 24 HOUR FITNESS gym nationwide, who by virtue of physical disability, require the assistance of a Personal Care Attendant while on gym property (the "Class").

19. The Class includes all individuals who have been forced to pay membership fees for their PCA in order to secure entry for the PCA onto gym property.

20. Plaintiff has personal knowledge that there exist other 24 HOUR FITNESS members who have been told or forced to buy memberships for their PCAs, so the PCAs can provide disability-related assistance within the gym premises.

21. The members of the Class are so numerous that joinder of all Class members is not practical; the exact size of the Class can be determined only through discovery.

22. Plaintiff's claims are typical of the claims of members of the entire Class. Plaintiff and all members of the Class suffered civil rights violations as a result of Defendant's failure to comply with Federal law, through its failure to provide unfettered access to PCAs of disabled gym members, without charge.

23. Plaintiff can adequately protect the interest of the members of the Class and has retained competent counsel experienced in ADA and class action litigation. Plaintiff has no interest that is contrary to or in conflict with the interests of the members of the Class.

24. A class action is superior to other methods of adjudicating this controversy. The expense and burden of individual litigation over this issue makes it virtually impossible for the Class members to individually seek redress for all violations across the country, and it would be highly inefficient for the Defendant, the Class, and the Court system, for all Class members to individually seek redress for the issue raised herein.

25. Common questions of law and fact exist as to all members of the Class and predominate over questions solely affecting any individual Class member. Among such questions of law and fact is whether or not Defendant has violated one or more statutory obligations by failing to accommodate disabled gym members in need of assistance (relating to a function of daily living) from a PCA.

26. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

27. The names and addresses of disabled individuals who have been excluded from fair and equal access is obtainable through traditional channels used to identify members of any class; notice can be delivered to all such individuals by U.S. Mail or electronic mail using techniques and in a form of notice similar to those customarily used in class action litigation.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

28. Plaintiff re-avers and re-alleges the allegations set forth in Paragraphs 1 through 27 above, as though fully set forth herein.

29. The subject 24 HOUR FITNESS location in Sunrise, Florida, is a place of public accommodation as defined by the ADA. 42 U.S.C. § 12181.

30. Plaintiff has been a long term member of the 24 HOUR FITNESS gym, and was a bona fide visitor to the subject Sunrise, Florida location on July 30, 2014, and intends to continue visiting the Sunrise, Florida location and making use of aqua classes into the foreseeable future, and thus desires to use the goods, services, facilities, privileges, advantages and/or accommodations offered at the Sunrise, Florida gym.

31. In light of her disabilities, Plaintiff will be unable to fully, properly, safely, and equally access the subject facility and/or the goods, services, facilities, privileges, advantages and/or accommodations therein, unless and until Defendant is required to modify its policies and procedures so as to comply with the Americans with Disabilities Act, or if such policies and procedures already exist, is required by injunction to enforce those policies and procedures at the Sunrise, Florida location, and at every location used by any member of the Class.

32. Defendant has discriminated against Plaintiff and all others with similar disabilities by denying full and equal access and enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations at the subject gym.

33. Defendant will continue to discriminate against Plaintiff and all others similarly situated requiring the assistance of a PCA in the locker room (or elsewhere), unless and until it is compelled by this Court to remove barriers to access by either implementing appropriate policies and procedures or enforcing policies and procedures that are not being followed by the Sunrise, Florida location and its management.

34. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and Plaintiff anticipates that she will continue to suffer irreparable harm unless and until Defendant is

required to alter its policies and procedures (or permanently implement existing policies and procedures) allowing personal care attendants hired by disabled patrons to attend to such patrons in the locker room prior and subsequent to exercising within the gym.

35. This Court is vested with authority to grant injunctive relief sought by Plaintiff herein including entry of an order requiring creation, implementation, and/or enforcement of applicable policies, practices, and procedures necessary to provide full and equal access to Plaintiff and all those similarly situated.

36. As a corollary to the injunctive relief sought herein, Plaintiff seeks disgorgement of profits garnered through enjoined and unlawful misconduct. Both the Eleventh Circuit Court of Appeal and the U.S. Supreme Court have been clear that a Court sitting in equity has at its disposal a full range equitable remedies, including the power to disgorge funds previously garnered through enjoined activities.

37. This Court's equitable jurisdiction has been invoked through Plaintiff's filing of a claim for violation of the ADA (which provides for injunctive relief). As an adjunct to this Court's authority to award an injunction in this case, the Court is fully vested with jurisdiction to disgorge Defendant of all funds collected as direct result of its own discriminatory and enjoined misconduct.

38. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorney's fees, costs, and litigation expenses all of which are recoverable from the Defendant in this litigation.

    **WHEREFORE,** Plaintiff, Florette Francis, on behalf of herself and a class of similarly situated individuals, respectfully requests that this Court enter an Order:

    (a) Certifying the Class;

(b) Entering permanent injunctive relief requiring the Defendant, 24 HOUR FITNESS USA, INC., to institute, promulgate and/or enforce (to the extent already existing) policies, practices, and procedures to create full and equal access to the all of its gym locations by the disabled including but not limited to allowing personal care attendants to assist the disabled in changing and unchanging within all locker room facilities, without extra charge;

(c) Disgorging all sums paid to Defendant by any disabled gym member on behalf of his/her PCA (if paid only so that the PCA may provide disability-related assistance to the gym member);

(d) awarding all attorney's fees and costs incurred during the course of this litigation; and

(e) Entering all such further relief as is deemed just and equitable under the circumstances of this case.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
Wells Fargo Tower - Suite 1500
One East Broward Blvd.
Ft. Lauderdale, Florida 33301
PH: (954) 745-0588
FAX: (305) 397-1924

By: ___*/s/ Nolan K. Klein*___
NOLAN K. KLEIN
Florida Bar No. 647977
klein@nklegal.com
nina@nklegal.com
amy@nklegal.com